22-6238
*Sherpa v. Garland*

BIA
Cortes, IJ
A209 164 559

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-four.

PRESENT:
> **JOHN M. WALKER, JR.,**
> **RICHARD J. SULLIVAN,**
> **MYRNA PÉREZ,**
> > *Circuit Judges.*

_____

DAWA GYALBU SHERPA,
> *Petitioner*,

v.                                                                          22-6238
                                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:**          Khagendra Gharti-Chhetry, Esq., Chhetry &
                             Associates, P.C., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Brett F. Kinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dawa Gyalbu Sherpa, a native and citizen of Nepal, seeks review of a decision of the BIA affirming a prior decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion for remand to the IJ for consideration of new evidence. *In re Dawa Gyalbu Sherpa*, No. A 209 164 559 (B.I.A. Apr. 20, 2022), *aff'g* No. A 209 164 559 (Immigr. Ct. N.Y.C. Apr. 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

## I. Asylum, Withholding of Removal, and CAT Relief

When the BIA agrees with the IJ's adverse credibility determination but supplements the IJ's reasoning with additional references to the record, we review the decisions of the IJ and the BIA together. *See Yan Chen v. Gonzales*, 417 F.3d

268, 271 (2d Cir. 2005). The agency's "factual findings, including adverse credibility determinations," are reviewed "under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (internal quotation marks omitted). Under that standard, we accept the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

When making an adverse credibility ruling, the trier of fact may consider the totality of the circumstances, including but not limited to "the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). Ultimately, we defer to the "IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, we find that substantial evidence supports the agency's determination that Sherpa was not credible. First, the IJ based its adverse credibility finding on an inconsistency between Sherpa's testimony at his credible fear interview and his immigration hearing. During the former, Sherpa claimed that he feared returning to Nepal because he had killed a man in a motorcycle accident and that man's son, Surya Man Thami,[1] sought retribution. But at his immigration hearing, Sherpa testified for the first time that Thami, a member of the Maoist Party, had threatened him for opposing the Maoist Party before the accident and that Sherpa feared returning to Nepal because he believed the Maoists would kill him for his opposition. Although Sherpa tries to explain away this inconsistency with a variety of arguments, we are not convinced that any adjudicator would be compelled to find that the statements were consistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

---

[1] As the BIA pointed out, "[t]he record as a whole shows inconsistent spellings" of Surya Man Thami's name. Certified Admin. Record at 4.

Second, the IJ pointed out that Sherpa provided inconsistent evidence about the dates of certain events. For instance, Sherpa originally submitted a written statement claiming he joined the Nepali Student Union in 2005, but then shortly before his immigration hearing, he submitted an amended statement alleging that he had actually joined in 2011. When asked to explain this six-year difference, Sherpa claimed he had always said he had joined in 2011 and that he did not know why the 2005 date was included in his original submission as his attorney prepared the submission on his behalf. Again, we cannot say that a reasonable factfinder would be compelled to credit this non-explanation. *See id.*[2]

The IJ also noted a discrepancy between Sherpa's affidavit, which stated that the fatal motorcycle accident took place on January 30, 2012, and his testimony at the immigration hearing, in which Sherpa said the crash took place one year earlier on January 30, 2011. Now, in his opening brief, Sherpa asserts for the first time that the interpreter mistranslated the date that he gave at the hearing. But Sherpa

---

[2] Sherpa argues on appeal that the IJ did not acknowledge that Sherpa had amended his initial submission before the immigration hearing and therefore improperly relied upon the inconsistent dates when making an adverse credibility determination against him. But Sherpa misreads the record. The IJ explicitly mentioned that "shortly before his individual hearing the date was changed to 2011, the date that was referenced in Court during his testimony." Certified Admin. Record at 103.

never made this argument at the hearing or to the BIA, and such factual arguments may not be raised for the first time on appeal. *See Brito v. Mukasey*, 521 F.3d 160, 164 (2d Cir. 2008) ("[I]n order to preserve an issue for review by this Court, the petitioner must not only raise it before the BIA[] but do so with specificity.").

Third, the IJ relied on Sherpa's demeanor, which the IJ described as "vague and not responsive." Certified Admin. Record at 84. We recognize that the IJ "is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood." *Majidi*, 430 F.3d at 81 n.1. From our review of the transcript, we find there to be sufficient evidence to support the IJ's negative demeanor finding. Notably, when asked on cross-examination about his political activities since arriving in the United States, Sherpa testified that he was still a member of the Nepali Student Union, only to later acknowledge that he had not renewed his membership in three or four years. Sherpa also proclaimed that he was a member of the Nepali Congress Party but then said he purchased a membership at two different locations and almost a year later had yet to receive a membership card.

6

Acknowledging that the IJ is in the best position to make a demeanor finding, we see no reason why a reasonable adjudicator would be compelled to find contrary to the IJ in this regard.

Finally, the IJ relied on Sherpa's failure to provide reliable corroboration as further support for the IJ's adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Although Sherpa provided some documentation to corroborate his claims of political persecution, "[w]e generally defer to the [IJ's] evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C.*, 741 F.3d at 332. We see no error in the agency attaching little weight to that documentation, since the authors were all unavailable for cross-examination and many of them were family members who did not personally witness the events described in their letters. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to IJ's decision to accord "little weight" to letters from declarants who were "interested parties" and not available for cross-examination). Moreover,

Sherpa does not challenge the agency's evaluation of his medical record, which – as the IJ noted – did not describe his injuries.

Given the inconsistencies related to the events underlying Sherpa's claim of past persecution, the IJ's demeanor finding, and the lack of reliable corroboration, we find that substantial evidence supports the IJ's determination that Sherpa was not credible. *See id.* at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to [a] claim of persecution . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (internal quotation marks omitted)). And since the adverse credibility finding was dispositive as to the asylum claim, which has the same factual predicate as the withholding of removal and CAT claims, it is also dispositive as to those claims. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

## II.    Remand

We review the denial of a motion to remand for the consideration of new evidence under the same standards as the denial of a motion to reopen. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156–57 (2d Cir. 2005). We review a denial of such motions for abuse of discretion, which may be found when the BIA's decision "rests on an error of law, inexplicably departs from established policies, or is so devoid of any reasoning as to raise the concern that it acted in an arbitrary or capricious manner." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023).

"[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020). Where the motion is supported by additional allegations that have substantially similar factual bases and essentially constitute "a continuation of the [movant's] previously discredited claims," the movant must overcome the prior adverse credibility determination. *Id.* at 4–5.

Sherpa argues that the agency failed to explain why the new documentation that he submitted with his motion for remand did not satisfy the applicable standard, particularly as it relates to new evidence showing that Maoists brutally beat his wife and child in May 2021. *See* Pet'r Br. at 31. According to Sherpa, the agency "merely state[d] a conclusory opinion" that he failed to "show [that] the claim in his motion was independent of the evidence that was found to be not credible and that the new evidence, generally, d[id] not demonstrate a material change in country conditions to remit a remand." *Id.* We disagree.

First, as the BIA specifically pointed out, Sherpa's new evidence did not address the grounds underlying the agency's adverse credibility finding. None of the information that Sherpa provided even mentions Thami, nor does it resolve the issues with the corroborating documents he previously submitted. He also fails to challenge the agency's adverse credibility finding in his motion for remand.

Second, the BIA specifically held that Sherpa failed to show that his claimed fear of political persecution described in his remand motion was independent of the evidence that the agency previously found to be not credible. While Sherpa did provide evidence supporting his new allegation that his wife and son were attacked by Maoists looking for him, the incident appears to be a continuation of

10

his prior claim of political persecution that the agency already found to be not credible. The BIA did not abuse its discretion by denying Sherpa's motion for remand when he provided no evidence either rebutting the agency's adverse credibility finding or separating the claim in his motion from that already found to be incredible. *See Kaur v. B.I.A.*, 413 F.3d 232, 234 (2d Cir. 2005) (explaining that the BIA does not abuse its discretion by denying a motion to reopen where the petitioner fails to submit material evidence rebutting the adverse credibility finding underlying the denial of an asylum application).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11